UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lannon Lavar Burdunice, | Case No. 20-cv-2215 (MJD/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Petitioner Lannon Lavar Burdunice has filed a motion to extend the time in which to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* ECF No. 1.  The limitations period for federal habeas relief from a state judgment is established by statute, *see* 28 U.S.C. § 2244(d), and the Court does not have the authority to "extend" that limitations period, as Burdunice requests.  *See, e.g.*, *Thoresen v. Titus*, No. 20-CV-0769 (ECT/ECW), 2020 WL 1977251, at *1-2 (D. Minn. Mar. 26, 2020); *Knutson v. McNurlin*, No. 15-CV-2807 (DSD/BRT), 2015 WL 9224180, at *1 (D. Minn. Nov. 23, 2015).

This does not necessarily mean that the limitations period for Burdunice will conclude one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), as Burdunice seems to assume in his motion.  If Burdunice can establish upon filing his habeas petition that "State action in violation of the Constitution or laws of the United States" impeded him from doing so earlier, then his petition may be timely

1

pursuant to § 2244(d)(1)(B) even if filed after the deadline otherwise established by § 2244(d)(1)(A).  Similarly, if Burdunice can establish that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing, he may be entitled to equitable tolling of the filing deadline.  *See Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).  But in either case, in order for the timeliness of Burdunice's habeas petition to be established, Burdunice must first file that petition; the Court cannot declare in advance (and without evidence) that Burdunice could not have done so earlier.

Burdunice also argues that he needs an extension in order to pursue alternative state-court remedies.  But § 2244(d)(2) already provides for this: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Burdunice does not need a declaration of the Court to permit him additional time in which to seek relief in the state courts.[1]

In any event, Burdunice's request is unnecessary.  The Supreme Court of the United States denied Burdunice's petition for a writ of certiorari on direct appeal on March 9, 2020, *see Burdunice v. Minnesota*, No. 19-7597, 140 S. Ct. 1548 (Mar. 9, 2020), and his conviction for purposes of § 2244(d)(1)(A) became final as of that date.

---

[1] In some instances, it may become necessary for federal district courts to stay ongoing habeas litigation to permit the petitioner to fully exhaust alternative remedies in the state courts.  *See Rhines v. Weber*, 544 U.S. 269, 273 (2005).  But here, the habeas proceedings cannot be stayed because Burdunice has not yet filed a habeas petition (and therefore there are not yet any habeas proceedings to stay).

2

Burdunice therefore has until at least March 9, 2021 in which to file his federal habeas petition (and, as explained above, should Burdunice first seek postconviction relief in the state courts, that deadline will be extended still further). There remains more than enough time for Burdunice to prepare at least a skeletal habeas petition identifying the claims for relief that he intends to raise.

This Court cannot extend the limitations period in the manner that Burdunice requests, and the request in this instance is unnecessary anyway. Accordingly, it is recommended that Burdunice's motion be denied and that this matter be dismissed, though without prejudice to Burdunice's rights to seek federal habeas relief in a future proceeding.[2]

[Continued on next page.]

---

[2] Although Burdunice's motion was docketed as a petition for a writ of habeas corpus, this Court does not interpret this matter as a "habeas corpus proceeding" within the meaning of 28 U.S.C. § 2253(c)(1)(A); Burdunice makes clear in his motion that he intends to seek habeas relief in the future but that he is not yet doing so. Accordingly, in this Court's view, no certificate of appealability is necessary for Burdunice to seek appellate review of any final order entered in this matter, and thus this Court recommends neither issuing nor denying a certificate of appealability.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The motion for an extension to file a habeas petition of petitioner Lannon Lavar Burdunice [ECF No. 1] be **DENIED**.

2. This matter be **DISMISSED WITHOUT PREJUDICE**.

Date: November __13__, 2020            *s/ Tony N. Leung*
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota


                                       *Burdunice v. State of Minnesota*
                                       Case No. 20-cv-2215 (MJD/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).