UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lannon Lavar Burdunice,

        Petitioner,

v.                                  **MEMORANDUM OF LAW & ORDER**
                                       Case No. 20-cv-2215 (MJD/TNL)

State of Minnesota,

        Respondent.

Lannon Lavar Burdunice, OID #234804, MCF–Stillwater, 970 Picket Street North, Bayport, Minnesota 55003 (pro se Petitioner); and

Jonathan P. Schmidt, Assistant County Attorney, Hennepin County Attorney's Office.

## I.   INTRODUCTION

This matter is before the Court on the Report and Recommendation of Magistrate Judge Tony N. Leung on Petitioner Lannon L. Burdunice's Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (the "Amended Petition"). (Doc. 18.) Petitioner filed an Objection to the Report and Recommendation on or about July 11, 2022. (Doc. 19.) For the reasons stated below, the Court will overrule Petitioner's objection, adopt the

1

Report and Recommendation, and dismiss Petitioner's Amended Petition with prejudice.

## II.     BACKGROUND

The following is an abbreviated summary of Petitioner's conviction in Minnesota state court, direct appeal, and various post-conviction petitions.

### A.     State Conviction & Direct Appeal

In March 2018, a jury found Petitioner guilty of second-degree intentional murder.  State of Minnesota v. Burdunice, Case No. 27-cr-16-19342 (Minn. Dist. Ct., filed July 21, 2016).  Earlier, at Petitioner's first trial, a jury found Petitioner guilty of being a felon in possession of a firearm in violation of state law but was unable to reach a verdict on the accompanying murder charges.  (Doc. 18 at 2.)  At both trials, Petitioner asserted self-defense.  (Id.)  After the second trial, the state trial court sentenced Petitioner to 480 months imprisonment.  (Id.)

Petitioner appealed his conviction to the Minnesota Court of Appeals.  In July 2019, the Court of Appeals affirmed the conviction.  State of Minnesota v. Burdunice, No. A18-1269, 2019 WL 3000714, at *1 (Minn. App. July 8, 2019), rev. denied (Minn. Sept. 17, 2019).  The Minnesota Supreme Court denied review of the Court of Appeals' decision.  Id.  On March 9, 2020, the United States Supreme Court denied Petitioner's petition for a writ of certiorari.

### B.     Federal Post-Conviction History

On October 22, 2020, Petitioner filed a letter in this Court requesting that his deadline to file a federal post-conviction petition under 28 U.S.C. § 2254 be stayed.  (Doc. 1.)  On November 16, 2020, the Magistrate Judge filed a Report and Recommendation explaining that the Court does not have the authority to stay Petitioner's deadlines to file a federal habeas petition.  (Doc. 6.)  The Magistrate Judge also recommended that this case be dismissed without prejudice.  (Id.)

Around the same time, however, the Court received an Amended Petition for a Writ of Habeas Corpus from Petitioner.  (Doc. 7.)  The Magistrate Judge reviewed the Amended Petition and issued an Order explaining that the filing of the Amended Petition had mooted his initial Report and Recommendation. (Doc. 9.)  Accordingly, the Magistrate Judge vacated his first Report and Recommendation and set a briefing schedule for Petitioner and Respondent, the State of Minnesota, to follow for the Amended Petition.  (Id.)

On January 19, 2021, the State and answered the Amended Petition and filed a supporting brief in which it moved to dismiss the Amended Petition. (Doc. Nos. 11–14.)  On June 29, 2022, the Magistrate Judge issued the Report and Recommendation that is currently before the Court.  (Doc. 18.)

On July 11, 2022, Petitioner filed an Objection to the Report and Recommendation. (Doc. 19.) In his Objection, Petitioner wrongly claimed that he had never filed his Amended Petition with the Court and that the Court had instead granted his motion to stay these proceedings. (Id.) Petitioner also "move[d] for voluntary withdrawal of this habeas corpus petition." (Id.)

### C. Petitioner's State Post-Conviction Petitions

While Petitioner's federal case has been pending in this Court, Petitioner also filed multiple post-conviction petitions in state court. In June 2021, the state trial court denied a post-conviction petition that Defendant had entitled "Motion for Correction Modification/Reduction of Sentence Pursuant to Minn. R. Crim. P. 27.03, Subd. 9."

In November 2021, the state trial court denied a second post-conviction petition from Petitioner. In June 2022, the state trial court denied a third post-conviction petition from Petitioner.

The Minnesota Court of Appeals has issued at least two unpublished opinions affirming the denial of Petitioner's state post-conviction petitions. Burdunice v. State of Minnesota, No. A21-0888, 2022 WL 1298118, at *1 (Minn. Ct.

4

App. May 2, 2022), rev. denied (July 19, 2022); Burdunice v. State of Minnesota, No. A22-0076, 2022 WL 3581559, at *1 (Minn. Ct. App. Aug. 22, 2022).

III.  DISCUSSION

    A.  **The Court Will Adopt the Report and Recommendation**

In his Amended Petition, Petitioner raised eight grounds for relief. (Doc. 7.) Those grounds are as follows:

1) The circumstantial evidence of [Petitioner's] intent to kill was insufficient as a matter of law to sustain a second-degree murder conviction;

2) The weight of the evidence does not support the second-degree intentional murder conviction;

3) The state trial court denied [Petitioner] the right to present a complete defense by excluding evidence of the victim's past behavior;

4) The prosecutor committed a violation under Batson v. Kentucky by striking an African American juror based on her race;

5) The trial court allowed [Petitioner] to be improperly impeached through the use of his prior convictions;

6) The conviction for ineligible possession of a firearm should be vacated because the trial court discharged the jury without completing the verdict form and without providing the defense a reasonable opportunity to poll the jurors individually;

7) Cumulative prosecutorial misconduct violated [Petitioner's] rights to due process; and

8) The trial court's cumulative errors, misconduct, and bias violated [Petitioner's] right to due process, double jeopardy, equal protection, and right to a fair trial.

(Id. at 4-5.)

The Magistrate Judge carefully analyzed each of these arguments in his Report and Recommendation and determined that none of them entitled Petitioner to relief under 28 U.S.C. § 2254 or related case law.  (Doc. 18.) Petitioner did not object to any specific parts of the Report and Recommendation, meaning this Court only reviews the Report and Recommendation for "clear error."  Grinder v. Gammon, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); D. Minn. L.R. 72.2(b); Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). After careful review of the Report and Recommendation, this Court discerns no clear error and will, therefore, adopt the Report and Recommendation, including the Magistrate Judge's recommendation that a Certificate of Appealability not be issued in this case.

### B.     Petitioner's Request to Withdraw the Amended Petition

As noted above, in his Objection, Petitioner did not object to any specific portions of the Report and Recommendation, but rather claimed that the Court

6

had stayed these proceedings and also requested to withdraw his Amended Petition.  (Doc. 19.)  First, the Court did not stay these proceedings at any time.  Petitioner filed a letter requesting a stay of these proceedings in February 2021, but the Court never granted Petitioner's request.  (Doc. 17.)  Instead, the Magistrate Judge proceeded to issue the Report and Recommendation on Plaintiff's Amended Petition.  (Doc. 18.)

The Court will not grant Petitioner's request to withdraw his Amended Petition.  (Doc. 19.)  Federal habeas proceedings are governed by, among other authorities, the Federal Rules of Civil Procedure.  See, e.g., Woodford v. Garceau, 538 U.S. 202, 208 (2003) ("The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules."); Debenedetto v. Rardin, No. 22-CV-1470 (NEB/BRT), 2022 WL 3648699, at *2 (D. Minn. June 28, 2022), report and recommendation adopted, No. 22-CV-1470 (NEB/BRT), 2022 WL 3647823 (D. Minn. Aug. 24, 2022) (same).

Under Federal Rule of Civil Procedure 41, Petitioner may only voluntarily dismiss his case without the Court's permission or the permission of an opposing party "before the opposing party serves either an answer or a motion for

summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Because the State has filed an answer and moved to dismiss the Amended Petition (Doc. 11), Petitioner may, therefore, only voluntarily dismiss his Amended Petition "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

A district court's decision "of whether to allow a plaintiff to dismiss a case voluntarily" is reviewed for abuse of discretion on appeal. Morrow v. United States, 47 F. 4th 700, 2022 WL 3725196, *2 (8th Cir. 2022) (quotation omitted). Courts examine the following factors in determining whether to grant a party's request under to voluntarily dismiss his case after an answer has been filed:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998) (citing Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir.1987)).

Although Plaintiff's justifications for seeking voluntarily dismissal are not entirely clear from his Objection to the R&R, construing his Objection liberally, it appears Plaintiff does not want the Court to adopt the Report and Recommendation and dismiss his Amended Petition because he would like to

assert additional arguments that he was pursuing in his state post-conviction petitions.

However, the Rule 41 factors stated above all weigh against allowing Petitioner to voluntarily withdraw his Amended Petition and dismiss his case at this time. First, Respondent has gone to considerable lengths to respond to Petitioner's Amended Petition. (See Doc. Nos. 11–13.) The Court has also expended resources to issue the Report and Recommendation. (Doc. 18.) Second, Petitioner's request comes long after Respondent filed its response to the Amended Petition. Third, Petitioner has not identified the new arguments that he would like to present to this Court if he is allowed to withdraw his Amended Petition to allow him to exhaust these unidentified arguments in state court and then file another petition before this Court later. (See Doc. 19.) Further, even if Petitioner had identified the arguments he wishes to present in a later filing, it appears any such arguments would be futile given that state trial and appellate courts have already denied the state post-conviction petitions Petitioner filed during the pendency of these proceedings. See Burdunice, 2022 WL 1298118, at *1; Burdunice, 2022 WL 3581559, at *1. The final Rule 41 factor does not apply.

Ultimately, this Court discerns no reason to allow Petitioner to withdraw his Amended Petition to avoid an adverse ruling and will, therefore, deny Petitioner's request. See Morrow, 2022 WL 3725196, at *2 (affirming dismissal of plaintiff's lawsuit where court found plaintiff's request to dismiss her case was merely an attempt to "correct a procedural defect . . . and to avoid an unfavorable ruling from this court").

## ORDER

The Court finds no error in the Magistrate Judge's application of the law to the facts in resolving the issues presented by Petitioner's Amended Petition. Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner's request to voluntarily withdraw his Amended Petition (See Doc. 19) is **DENIED**;

2. The Report and Recommendation dated June 29, 2022 (Doc. 18) is hereby **ADOPTED**;

3. The Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 7) is **DENIED** and **DISMISSED WITH PREJUDICE**; and

4. A certificate of appealability will not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  November 3, 2022                s/Michael J. Davis
                                        Michael J. Davis
                                        United States District Court